IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK MARTINEZ | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1988 |
| | § | |
| UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Dismiss Certain Claims ("Motion to Dismiss") [Doc. # 12] filed by Defendant Unum Life Insurance Company of America ("Unum"). Plaintiff Mark Martinez has responded [Doc. # 13]. Upon review of the motion and response, all pertinent matters of record, and applicable law, the Court concludes that each of Plaintiff's state law claims is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 *et seq*. Accordingly, Unum's Motion to Dismiss Certain Claims is **granted**.

### I.     BACKGROUND

Plaintiff Martinez is insured under a Group Long Term Disability Insurance

Policy ("Plan") purchased by his employer from Defendant Unum.[1]  Plaintiff alleges that he suffers from advanced heart failure and uncontrolled diabetes, and that he received benefits under the Unum policy for these ailments until they were "arbitrarily terminated" in 2002.[2]  After receiving a written opinion from his physician in May 2005 that Plaintiff suffers from heart conditions "requiring intensive medical therapy" and "'is unable to engage in any productive work,'"[3] Plaintiff sought, but was denied, reinstatement of disability benefits from Unum.[4]

Plaintiff filed suit in state court, alleging claims for negligence and gross negligence, breach of contract, breach of the duty of good faith and fair dealing, and fraud and fraudulent misrepresentation.  Unum removed the case to federal court and Plaintiff filed an "Original Complaint" [Doc. # 6], alleging the same state law claims, as well as a claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and a claim for breach of fiduciary duty under ERISA § 409(a), 29 U.S.C. § 1109(a). Unum moved to dismiss all claims except the § 502 claim.  The motion has been fully briefed and is ripe for decision.

---

[1]  "Group Long Term Disability Insurance Summary of Benefits," Policy # 292000, Exhibit A to Motion to Dismiss [Doc. # 12].

[2]  Plaintiff's Original Complaint [Doc. # 6], ¶ 2.

[3]  *Id.* ¶ 1.

[4]  *See id.* ¶¶ 1, 3.

## II.    MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop.& Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* A claim is legally insufficient under Rule 12(b)(6) "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entm't, Inc. v. Nat'l Football League Prop., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998). Thus, where a complaint shows on its face that it is barred by an affirmative defense, it may be dismissed for failure to state a cause of action. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *see also Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 872–73 (W.D. Tex. 2001).

## III.    ANALYSIS

There is no dispute that the Plan's coverage is governed by ERISA. "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Whitter*, 224 F.3d 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). However, a court may consider "documents that a defendant attaches to a

motion to dismiss as part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Unum attached to its Motion to Dismiss [Doc. # 12], as Exhibit A, a copy of the Plan and presents strong arguments that it qualifies as an "ERISA plan."[5] Plaintiff has neither objected to Unum's submission of the Plan nor disputed Unum's assertions that the Plan is governed by ERISA.[6]

Unum contends that ERISA preempts all of Plaintiff's state law claims and that his federal law breach of fiduciary duty claim is not cognizable because he states a claim for relief under ERISA § 502. Plaintiff asserts that his state law claims survive because they fall within the "saving clause" of ERISA, which states that, "Except as provided [elsewhere in the ERISA statute], nothing in this title shall be construed to exempt or relieve any person from any law of any state which regulates insurance . . . ." ERISA § 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A). Plaintiff argues that because "[D]efendant has acted in bad faith throughout this cause," "Texas law [specifically, the Texas Deceptive Trade Practices Act and the Texas Insurance Code] permits the

---

[5] *See* Motion to Dismiss [Doc. # 12], at 3–6.

[6] *See* Plaintiff's Response to Defendant's Motion to Dismiss Certain Claims ("Response") [Doc. # 13].

utilization of such common law causes of action as those asserted . . . by Plaintiff."[7] Thus, Plaintiff claims that he is entitled to "recovery of disability benefits wrongfully denied to him, . . . attorneys' fees, actual and exemplary damages[,] interest and court costs."[8] Despite the sympathetic facts Plaintiff presents about his condition, Plaintiff's arguments are unavailing.

### A. ERISA Preemption of State Law Claims

"It is well settled that ERISA generally preempts state law." *Rivers v. Cent. & Sw. Corp.*, 186 F.3d 681, 683 (5th Cir. 1999) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)). There are two types of preemption under ERISA. First, ERISA authorizes suits "to recover benefits due to [a beneficiary] under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). This provision completely preempts a party who, "at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), . . . where there is no other independent legal duty that is implicated by a defendant's actions." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the

---

[7]  *Id.* at 2.

[8]  *Id.* at 1.

same relief, regardless of how artfully pleaded as a state action." *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2002) (citing *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir.1999)).

Second, where a claim is not completely preempted under § 502 of ERISA, it may be subject to "conflict" preemption under ERISA § 514(a), 29 U.S.C. § 1144(a), which provides that ERISA "shall supersede any and all State laws insofar as they . . . relate to any employee benefit plan." In the Fifth Circuit, a claim "relates to a plan" when the claim itself is premised on the existence of an employee benefit plan. *See Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1220 (5th Cir. 1992); *see also Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 512 (5th Cir. 1999); *Franks*, 164 F. Supp. 2d at 874. Where "the underlying conduct at issue . . . cannot be divorced from its connection to [an] employee benefit plan," a state law claim premised on such conduct is preempted. *Christopher*, 950 F.2d at 1220.

Plaintiff's state law causes of action share common facts and theme, namely, that Unum improperly and unfairly handled Plaintiff's requests for disability insurance benefits.[9] These state law causes of action are preempted. Indeed, the Fifth Circuit has

---

[9]   *See* Plaintiff's Original Complaint [Doc. # 6], at 9 (claiming that Unum was negligent and grossly negligent "by failing to exercise ordinary and reasonable care, causing Plaintiff to wrongfully be denied rights and benefits to which he is justly entitled"), 11 (claiming that Unum breached a contract with Plaintiff, who "paid valuable consideration in the form of
(continued...)

specifically found the claims raised by Plaintiff to be subject to either complete or conflict preemption by ERISA.

This Circuit has held that negligence and gross negligence claims based on a plan administrator's handling of claims are preempted by ERISA. *See Haynes v. Prudential Health Care*, 313 F.3d 330, 336–37 (5th Cir. 2002); *Hogan v. Kraft Foods*, 969 F.2d 142, 144–45 (5th Cir. 1992) (citing *Hermann Hosp. v. MEBA Med. & Benefit Plan*, 845 F.2d 1286 (5th Cir. 1988); *cf. Woods v. Tex. Aggregates, LLC*, 459 F.3d 600 (5th Cir. 2006). ERISA clearly preempts a breach of contract claim regarding an ERISA plan. *See Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 245 (5th Cir. 1990); *see also Hubbard v. Blue Cross & Blue Shield Assoc.*, 42 F.3d 942, 946 (5th Cir. 1995); *McSperitt v. Hartford Life Ins. Co.*, 393 F. Supp. 2d 418, 426 (N.D. Tex. 2005).

The Fifth Circuit has also held that ERISA preempts claims related to the denial of ERISA benefits that are based on the Texas Deceptive Trade Practices Act and the

---

[9] (...continued)
premium payments for disability health care protection that should be[,] but has not been paid by [D]efendant"), 11 (asserting that Unum has breached a duty of good faith and fair dealing by "fail[ing] to pay and unreasonably delay[ing] in effectuating a prompt, fair[,] and equitable settlement of Plaintiff's claims"), 12 (asserting that Unum engaged in fraud when it "made representations to Plaintiff about the quality and disability health care coverage available to Plaintiff"). Indeed, Plaintiff essentially concedes this point. *See* Response [Doc. # 13], at 2 ("Plaintiff's state common law causes of action . . . are rooted in regulation of an insurance company . . . .").

Texas Insurance Code. *See Hogan*, 969 F.2d at 144-45 (citing *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760 (5th Cir. 1989); *Boren v. N.L. Indus., Inc.*, 889 F.2d 1463 (5th Cir. 1989)); *McSperitt*, 393 F. Supp. 2d at 427. Breach of good faith and fair dealing claims are similarly preempted. *See Hogan*, 969 F.2d at 144–45 (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Hermann Hosp.*, 846 F.3d 1286)); *Light v. Blue Cross & Blue Shield of Ala., Inc.*, 790 F.2d 1247, 1248–49 (5th Cir. 1986); *McManus v. Travelers Health Network*, 742 F. Supp. 377, 379–80 (W.D. Tex. 1990). Fraud and fraudulent misrepresentation claims such as those asserted in this case by Plaintiff are also preempted by ERISA. *See McGowin*, 363 F.3d at 559; *Hubbard*, 42 F.3d at 946; *Lee v. E.I. DuPont de Nemours & Co.*, 894 F.2d 755, 757–58 (5th Cir. 1990).

Plaintiff makes no factual allegations that demonstrate that the "savings clause" should apply to his state law claims. *See Hogan*, 969 F.2d at 144–45. Accordingly, Unum's Motion to Dismiss [Doc. # 12] is granted as to these claims.

### B. ERISA Breach of Fiduciary Duty Claim

Plaintiff has asserted a claim for benefits under § 502 of ERISA.[10] Because Plaintiff has available a claim under § 502, he cannot pursue a separate breach of

---

[10] *See* Plaintiff's Original Complaint [Doc. # 6], at 5–6 ("Count One").

fiduciary duty claim under ERISA.[11] *See Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 526 (5th Cir. 2000) (citing *Rhorer v. Raytheon Eng'r & Constr., Inc.,* 181 F.3d 634, 639 (5th Cir. 1999); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998)). Thus, Plaintiff's breach of fiduciary claim under ERISA § 409 must be dismissed.

### C. Extra-Contractual Damages

Finally, to the extent Plaintiff seeks extra-contractual damages, his claims are barred. Such damages are not recoverable under ERISA. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 944 (5th Cir. 1999); *see also Mertens v. Hewitt Assoc.*, 508 U.S. 248 (1993); *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985); *Weir v. Fed. Asset Disposition Ass'n*, 123 F.3d 281, 290 (5th Cir. 1997); *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 30 (5th Cir. 1993).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff may not pursue the state law claims, his ERISA breach of fiduciary duty claim, or his claim for extra-contractual damages. It accordingly is

**ORDERED** that Unum Life Insurance Company of America's Motion to

---

[11] Plaintiff does not respond to Unum's arguments regarding the validity of the breach of fiduciary duty claim. *See* Response [Doc. # 13].

Dismiss Certain Claims [Doc. # 12] is **GRANTED**.  It is further

**ORDERED** that Plaintiff's state law claims, ERISA breach of fiduciary duty claim, and the claim for extra-contractual damages are **DISMISSED**.  Plaintiff may prosecute against Unum a claim for benefits under ERISA § 502.

SIGNED at Houston, Texas, this 9th day of **November, 2007**.

_____
Nancy F. Atlas
United States District Judge